**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager, Esq. (SBN: 252114)
nbontrager@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

**PRICE LAW GROUP, APC**
G. Thomas Martin, III (SBN 218456)
tom@pricelawgroup.com
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: (818) 907-2030
Facsimile: (818) 205-2730

Attorneys for Plaintiff
ROEDERICK MONTEMAYOR

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROEDERICK MONTEMAYOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>vs.<br><br>**GC SERVICES, LP,**<br><br>Defendant | Case No.: **'13CV1959 WQHRBB**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT FOR DAMAGES

# INTRODUCTION

1. ROEDERICK MONTEMAYOR ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GC SERVICES LP, ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

# JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Texas. Plaintiff also seeks the greater of statutory damages of $5,000

1. per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and Defendant resides within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, GC Services LP is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County at 6330 Gulfton St., Suite 300, Houston, Texas 77081. Defendants have a policy and practice of recording telephone conversations with the public, including California residents. Defendants' employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

7. Beginning in and around January, 2013, Defendant began contacting Plaintiff by telephone in an attempt to Sallie Mae student loans. During this time, Plaintiff had at least three (3) telephone communication with certain employees, officers and/or agents of Defendant. Plaintiff is

CLASS ACTION COMPLAINT FOR DAMAGES

     informed and believes, and thereon alleges, that Defendant first obtains highly personal and confidential information from California consumers prior to warning that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant or completely fails or refuses to advise California consumers that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant.

9. Specifically, on or about January 14, 2013, Defendant contacted Plaintiff by telephone on his cell phone at (562) 377-2099 in an attempt to collect the Sallie Mae loans. At no time during this telephonic communication did Defendant advise Plaintiff that Defendant was recording the conversation.

10. During this conversation with Defendant, Plaintiff discussed highly personal and private information that Plaintiff had not openly discussed with others such as his personal residence location.

11. Plaintiff had no reasonable expectation that any part of Plaintiff's telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon due to the fact that Defendant never once advised Plaintiff in any fashion that the telephone conversation was being recorded. Should Plaintiff have known that said conversation was being recorded, Plaintiff would have conducted himself and spoken differently to the representative of Defendant.

12. Plaintiff was shocked to discover that the communication was being monitored, recorded and/or eavesdropped upon by Defendant without Plaintiff's knowledge or consent.

13. At no time during the January 14, 2013 call did Plaintiff give consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

14. On or about February 8, 2013, Defendant contacted Plaintiff at work at 310-559-9222 in an attempt to collect the Sallie Mae loans. At no time

CLASS ACTION COMPLAINT FOR DAMAGES

during this telephonic communication did Defendant advise Plaintiff that Defendant was recording the conversation.

15. During this conversation with Defendant, Plaintiff discussed highly personal and private information that Plaintiff had not openly discussed with others such as his personal residence location, and his current financial account status with Sallie Mae and with Defendant.

16. Plaintiff had no reasonable expectation that any part of Plaintiff's February 8, 2013 telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon due to the fact that Defendant never once advised Plaintiff in any fashion that the telephone conversation was being recorded. Should Plaintiff have known that said conversation was being recorded, Plaintiff would have conducted himself and spoken differently to the representative of Defendant.

17. On or about February 15, 2013, Plaintiff received a telephone call from Defendant on his cellular telephone. Defendant did not initially advise Plaintiff that the telephone call would be recorded at the onset of the call. After speaking with an agent of Defendant for a period of almost one (1) minute, including discussions of Plaintiff's personal address, personal financial matters and status of Plaintiff's student loans with Defendants, Defendant for the first time notified Plaintiff that the conversation was being recorded.

18. In response to this surprising notification, Plaintiff spent the rest of the conversation trying to get off the phone with Defendant. Plaintiff never thereafter answered a telephone call from Defendant.

19. Plaintiff had no reasonable expectation that Plaintiff's mobile telephone conversation with Defendants would be recorded due to the private subject matter being discussed.

20. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

21. Plaintiff is informed and believes, and thereon alleges that Defendant has installed and/or caused to be installed certain eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listen to each and every telephone conversation on said telephone lines.

22. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

### ACCRUAL OF RIGHTS TO PRIVACY CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

23. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls it made to Plaintiff and members of the California Class without their knowledge or consent.

24. Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

25. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and

members of the California Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

26. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of the California Class that the phone calls were being recorded as Plaintiff and his counsel were unaware that Defendant recorded telephonic communications with Plaintiff until February 15, 2013.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

28. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound and outbound telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by Defendant within one (1) year prior to the filing of the original Complaint in this action."

29. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls;

    b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, eavesdropped upon and/or monitored;

    c. Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code §§ 632(a) and/or 637;

    d. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

33. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000.00 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

34. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to any member of The

Class. Plaintiff has retained counsel experienced in handling class action claims.

35. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF PENAL CODE § 632

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent

of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the recording.

40. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain eavesdropping, recording, and listening equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

41. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

42. This listening, recording, and/or eavesdropping equipment was used to record, monitor, or listen to the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

43. At no time during which these telephone conversations took place between Plaintiff or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the interceptions, eavesdropping, listening, and recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

44. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or

intentionally engaging in the aforementioned intercepting, eavesdropping, listening, and recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

45. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

## SECOND CAUSE OF ACTION
## VIOLATION OF PENAL CODE § 632.7

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

48. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone.  For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

49. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

CLASS ACTION COMPLAINT FOR DAMAGES

50. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

51. Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

52. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

53. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

A. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

B. For the greater of statutory damages of $5,000.00 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

C. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and

The Class;

  D. For general damages according to proof;

  E. For special damages according to proof;

  F. For exemplary or punitive damages;

  G. For costs of suit;

  H. For prejudgment interest at the legal rate; and

  I. For such further relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Dated: August 22, 2013   RESPECTFULLY SUBMITTED,
           LAW OFFICES OF TODD M. FRIEDMAN, P.C.

             /s/ Todd M. Friedman
           Todd M. Friedman
           Nicholas J. Bontrager
           *Attorneys for Plaintiff*

Dated: August 22, 2013   RESPECTFULLY SUBMITTED,
           PRICE LAW GROUP, APC

             /s/ G. Thomas Martin, III
           G. Thomas Martin, III
           *Attorney for Plaintiff*