UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROEDERICK MONTEMAYOR,<br><br>  Plaintiff,<br>v.<br><br>GC SERVICES LP,<br><br>  Defendant. | Civil No. 13cv1959 JAH (KSC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE**<br>[Doc. No. 16] |

## BACKGROUND

On August 22, 2013, Plaintiff filed a complaint asserting causes of action for violations of California Invasion of Privacy Act ("CIPA"), and California Penal Code sections 632 and 632.7 on behalf of himself and others similarly situated. He named GC Services, LP as the defendant. He alleges Defendant employs recording equipment to record the telephone conversations of Plaintiff without Plaintiff's knowledge or consent and, thereby, invades Plaintiff's privacy. Defendant now seeks dismissal of the action or, in the alternative, seeks to strike the class allegations. Plaintiff filed an opposition to the motion, and Defendant filed a reply. The motion was taken under submission without oral argument pursuant to Local Rule 7.1. After a careful review of the parties' submissions, and for the reasons set forth below, this Court **DENIES** Defendant's motion to dismiss and **DENIES** Defendant's motion to strike.

## DISCUSSION

Defendant argues Plaintiff's complaint fails to allege a cognizable legal theory or

sufficient facts under a cognizable theory and, therefore is subject to dismissal under Rule 12(b)(6). Defendant further argues Plaintiff's class allegations should be stricken because a class cannot be maintained.

**I.  Motion to Dismiss**

**A.  Legal Standard**

Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.

1 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**B. Analysis**

Defendant argues no CIPA violations arise from its monitoring or recordings its own call center activity in the ordinary course of business. Defendant further argues Plaintiff's application of CIPA is preempted by federal law.

**1. Monitoring and Recording in the Ordinary Course of Business**

Defendant argues no CIPA violations arise from GC Services monitoring or recording its own call center activity in the ordinary course of its own business. Defendant maintains California courts interpret California Penal Code section 632 "eavesdropping" to refer to a third party listening to a conversation between two other parties. Defendants further maintains Plaintiff does not allege that anyone other than GC Services employees listened to the telephone calls between him and GC services. Because no third party listened in on the conversations between Plaintiff and Defendant, Defendant argues, the call monitoring cannot constitute eavesdropping and cannot violate CIPA as a matter of law. Defendant also argues the recording claim likewise fails because it alleges nothing more than ordinary course of business call monitoring.

In opposition, Plaintiff argues his first and second causes of action are properly stated because CIPA applies to recorded and monitored calls such as those alleged in the

1  complaint. He contends compliance with Penal Code section 632 requires a business to
2  warn "at the outset" of each telephone conversation that the conversation is recorded and
3  Defendant provided no recording advisement at the outset of the call set forth in the
4  complaint, and Plaintiff had a reasonable expectation that his private and confidential
5  telephone calls would not be recorded without an advisement at the outset of the call.
6  Plaintiff argues whether or not Defendant consents to monitoring or recording of its own
7  telephone calls is of no consequence, as the dispositive fact is that Plaintiff and others
8  similarly situated did not consent to being monitored or recorded.

9  In reply, Defendants argue no CIPA violations arise from its monitoring or
10 recording of its own calls in the ordinary course of business. Defendant further argues that
11 contrary to Plaintiff's argument, no California court – state or federal – has considered and
12 decided the issue of when a CIPA disclosure must be made to be effective.       In support
13 of its argument that the alleged call monitoring cannot constitute eavesdropping under
14 section 632 because there was no third person, Defendant relies on the unpublished
15 decision in <u>Thomasson v. GC Services Ltd. Partnership</u>, 321 Fed.Appx. 557 (9th Cir.
16 2008). In <u>Thomasson</u>, the Ninth Circuit determined that GC Services was "one person"
17 under section 632. The court held that monitoring of calls with its consumers[1] could not
18 constitute eavesdropping and cannot violate CIPA as a matter of law because no third
19 party listened in on the conversations. <u>Id.</u> However, the California Court of Appeal,
20 rejected this interpretation of section 632 as contrary to the statutory language and intent.
21 <u>Kight v. CashCall, Inc.</u>, 200 Cal.App.4th 1377, 1391 (2011). The court specifically
22 addressed the holding in <u>Thomasson</u> and found it unhelpful because it contained no
23 supporting analysis. <u>See id.</u> Looking to the language of section 632 and the purpose of
24 the statute to protect an individual's privacy, the California Court of Appeal found
25 permitting an employee to secretly monitor a call between a customer and another
26 employee defeated the statutory purpose. <u>Id.</u> at 1394 - 1395. The court held that the

---

[1] Supervisory employees monitored conversations between GC Services employees and customers.

trial court's determination that a section 632 "claim fails as a matter of law because the person allegedly secretly monitoring the telephone conversation was employed by the same entity as the other known party to the call" was in error. Id. at 1395. In light of lack of reasoning or analysis in the unpublished Ninth Circuit decision, this Court is persuaded by the reasoning and thorough analysis in Kight. The Court is further persuaded by the fact the California court in Kight was addressing a California statute and issued its decision after the decision in Thomasson, and provided sufficient reasoning for rejecting the Ninth Circuit's holding. Accordingly, Defendant's motion to dismiss Plaintiff's CIPA violations for monitoring and recording based upon its argument there was no third party eavesdropping fails.

**b. Preemption**

Defendant also argues the CIPA claims are preempted by the federal wiretap statute's safe harbor and the Fair Debt Collections Practice Act ("FDCPA") requirements for debt collector call protocols to extent they conflict with either federal statute

**i. Federal Wiretap Law**

Defendant contends Congress established a comprehensive statutory program to govern "interceptions" of "any wire, oral, or electronic communication" and to penalize unauthorized violators with the Federal Wiretap Act, commonly referred to as Title III. Defendant maintains Title III defines "electronic, mechanical, or any other device" as "any device or apparatus which can be used to intercept a wire, oral or electronic communication

> (a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business..."

18 U.S.C. section 2510(5)(a). Defendant also contends courts refer to section 2510(5)(a) as the "ordinary course exclusion," the "business extension exemption," or "safe harbor" and California plaintiffs may not attempt enforcement of a state statute to prohibit or

1  criminalize wire interceptions that fall within the ordinary course exclusion. Defendant
2  argues no allegations in the complaint remove the alleged conduct from the purview of
3  section 2510(5)(a) and application of section 632 or 632.7 to GC Services call monitoring
4  practices would directly conflict with the definitional standard ordained by Congress to
5  establish nationwide uniformity concerning which types of wire interceptions are
6  prohibited and which are not. As such, Defendant argues, Plaintiff's CIPA claims are
7  preempted and must be dismissed with prejudice.

8  Plaintiff argues Defendant has offered absolutely no evidence supporting its
9  argument that, by enacting Title III, Congress intended to occupy the specific field of
10 wiretapping or that Congress intended to preempt the CIPA or any other similar state law.
11 Plaintiff further argues Defendant's argument that CIPA is preempted by Title III by
12 virtue of a conflict is not supported by decisional authority on point with the facts of this
13 case. He contends the state of California is authorized to promulgate CIPA for both
14 criminal and civil purposes, and Title III does not preempt the more restrictive provisions
15 of CIPA.

16 In reply, Defendant maintains it argues, Title III preempts the proposed application
17 of CIPA to outlaw a practice that Congress expressly authorized on a nationwide, uniform
18 basis. Defendant further argues the California General Assembly may be free to
19 supplement the Federal Wiretap Act and impose two-party consent requirements for many
20 types of telephone calls, but it may not preempt the nationwide, uniform business use
21 exception embodied in the federal statute's definitions of "intercept" and "device."
22 Defendant contends Plaintiff's interpretation of CIPA interferes with Congress' authority
23 to determine how inter- and intrastate commerce may be conducted over the nation's
24 telephonic facilities and must, therefore, be preempted.

25 Plaintiff notes that he is unsure whether Defendant argues field preemption or
26 conflict preemption, and states the preemption argument fails in both regards. See
27 Opposition at 29, n.9. The Court agrees that Defendant's preemption argument is
28 convoluted and confusing. While his motion appears to assert Plaintiff's CIPA claims

conflict with standards provided in Title III, the reply asserts Congress intended to "preempt the field" by "creating a uniform, nationwide standard" and leaves no room for the states to supplement by "redefining the conduct authorized by the comprehensive federal regime." Reply at 8. Nevertheless, the Court finds, as discussed further below, Defendant fails to demonstrate Plaintiff's claims are preempted pursuant to field or conflict preemption.

There is a presumption against preemption. Chemical Specialties Mfrs. Ass'n, Inc. v. Allenby, 958 F.2d 941, 943 (9th Cir. 1992). Congress' purpose is "the ultimate touchstone of preemption analysis." Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992).

Under field preemption, Congress indicates an intent to occupy a field "to the exclusion of state law." Montalvo v. Spirit Airlines, 508 F.3d 464, 470 (9th Cir. 2007). Defendant maintains it does not argue Congress intended to occupy the entire field of wiretapping. Defendant argues Congress intended to "preempt the field" by creating a uniform definition of intercept and providing a safe harbor for businesses. While Congress may have indicated its intent to have certain provisions of Title III occupy the field of wiretapping, Defendant fails to demonstrate that intent as to the "definitional standards" and, more specifically, the so-called "safe harbor" provision. See Halpin v. Superior Court, 6 Cal.3d 885, 898 (1972) (Finding language of the statute evidences Congress' intent to have certain provisions of the law completely occupy the field of wiretapping and electronic surveillance). Defendant points to Congress' intent to establish uniformity as to which interceptions are prohibited and which are not in support of its argument. This alone is insufficient to demonstrate an intent to occupy the field. As discussed in detail in People v. Conklin, while Congress indicated an intent to provide a uniform basis for interceptions, it also anticipated state regulation of electronic surveillance. 12 Cal.3d 259, 264 - 269 (1974). Defendant fails to provide evidence of Congress' intent to "occupy the field" as to the "safe harbor" definition aside from its intent to provide a nationwide, uniform definition for prohibited interceptions. This is insufficient to demonstrate field

preemption.

Defendant also fails to meet its burden to demonstrate conflict preemption. Conflict preemption occurs when "it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." <u>Gilstrap v. United Air Lines, Inc.</u>, 709 F.3d 995, 1008 (9th Cir. 2013) (quoting <u>English v. Gen. Elec. Co.</u>, 496 U.S. 72, 79 (1990)). Defendant does not argue and there is nothing to indicate it would be impossible for a private party to comply with the Federal Wiretap Act and CIPA.  Additionally, Defendant fails to show that Plaintiff's claims under CIPA impedes or otherwise "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in Title III.  <u>See</u> <u>Conklin</u>, 12 Cal.3d at 272.

Accordingly, Defendant fails to demonstrate the Federal Wiretap Act preempts Plaintiff's claims.

**ii.  FDCPA Mandates**

Defendants further argue the CIPA claims stand as an obstacle to compliance with FDCPA mandates and are, therefore, preempted.  Defendant maintains the FDCPA requires debt collectors to always disclose to the debtor that the call is from a debt collector and advise the information obtained will be used for the purpose of collecting a debt, and never disclose to a third party that they are attempting to collect a debt. Defendant contends the only way a debt collector can comply with both the FDCPA and CIPA is by attempting to verify the identity of a person answering the phone, before advising that the call might be monitored or recorded and before making §1692e(11) disclosures or discussing the debt at issue.  Defendant argues no meaningful CIPA disclosure is possible until the answering party knows who is calling.  Defendant further argues that because a debt collector such as GC Services cannot comply with both the FDCPA and CIPA in the manner asserted by the complaint, by advising parties at the very beginning of telephone calls that GC Services is monitoring or recording the call, Plaintiff's CIPA claims stand as an obstacle to FDCPA's broad statutory purpose of protecting

consumers and debtors. Therefore, Defendant argues, Plaintiff's CIPA claims are preempted by the FDCPA, and must be dismissed.

Plaintiff argues CIPA and the FDCPA are not mutually exclusive propositions and Defendant fails to proffer a reason why the recording disclosure could not be made at the outset of each call prior to confirming their identity.

The Court agrees. Defendant fails to demonstrate the CIPA claims stand as an obstacle to compliance with the FDCPA, and therefore fails to demonstrate the FDCPA preempts the CIPA claims.

## II. Motion to Strike

### A. Legal Standard

Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992); Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); See also Colaprico v. Sun Microsystems, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

### B. Analysis

Defendant argues the class allegations should be stricken because the complaint does not plead a plausibly certifiable class. Specifically, Defendant argues the complaint fails to assert a class that meets the commonality and predominance requirements of Rule 23(a)(2) and (b)(3). Defendant maintains the complaint rotely concludes that its alleged class possesses the requisite commonality simply because it contains people whose calls were monitored by the defendant, however, the eight-year history in Thomasson demonstrates that this class clearly requires an individualized inquiry into the contents of

1 each call to determine whether GC Services timely advised each consumer about the
2 alleged call monitoring and recording practices and, if the advisement was given, when.
3 Allowing Plaintiff to revisit the same class issues already decided by the Ninth Circuit
4 Court of Appeal in Thomasson, would result in massive and wasteful class discovery and
5 litigation expenses.  Defendant contends, there is no way to objectively identify the
6 members of the proposed class without extensive "mini-trials" for each prospective member
7 to determine whether and when any warning was given in each call.

8 Defendant contends the alleged class remains unascertainable because it relies on
9 subjective criteria to populate the class, whether each class member "consented" to have
10 his or her call monitored, which only be determined by deciding ultimate merits issues
11 after litigating each individual's state of mind at the time of the call.

12 Defendant further argues the complaint's class definition also inappropriately pleads
13 membership based on a resolution of merits issues and a finding that GC Services is liable
14 to each and, as such, the class cannot be certified as a matter of law.

15 Plaintiff argues the motion to strike class allegations is premature.  He maintains
16 the Court should afford him an opportunity to present evidence as to whether a class
17 action is maintainable.  Plaintiff further argues he can demonstrate an ascertainable class,
18 commonality, predominance of common issues, typicality and adequacy of representation,
19 as supported by the class allegations in the complaint.

20 In reply, Defendant maintains the Ninth Circuit ruled in Thomasson that a class
21 comprised of individuals who participated in telephone calls monitored by GC Services is
22 uncertifiable because it cannot satisfy the commonality requirement.  Defendant argues
23 whether the issue is monitoring a call or recording it, the result is the same because the
24 same individual inquiries arise.

25 Plaintiff proposes a class defined as "[a]ll persons in California whose inbound and
26 outbound telephone conversations were monitored, recorded, and/or eavesdropped upon
27 without their consent by Defendant within one (1) year prior to the filing of the original
28 Complaint in this action."  Complaint ¶ 28.  In the complaint Plaintiff alleges

> Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

Id. ¶ 20.  Plaintiff further alleges

> Defendant has installed and/or caused to be installed certain eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listen to each and every telephone conversation on said telephone lines.

Id. ¶ 21.  Additionally, Plaintiff alleges

> Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

Id. ¶ 22.

While this Court agrees that the Ninth Circuit's reasoning in <u>Thomasson</u> dictates that a class which requires an individualized inquiry into phone calls to determine whether a warning was given in each call cannot establish Defendant acted uniformly as to each member and cannot support commonality as required for class certification, it is unclear at this stage of the proceedings that an individualized inquiry is necessary.  Accordingly, the Court finds the motion to strike premature. The issue is better address during a motion for class certification.[2]  Accordingly, Defendant's motion to strike is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Defendant's motion to dismiss and motion to strike is **DENIED**.

Dated:       September 29, 2014

_____
JOHN A. HOUSTON
United States District Judge

---

[2] Plaintiff's supplemental authority, while not on point persuades the Court, the motion is premature.  The court in <u>Ades v. Omni Hotels Management Corp.</u>, 13cv02468-CAS(MANx) (C.D.Cal. 2014), issued its ruling on the plaintiff's motion for class certification based upon substantial evidence provided by the parties.  It looked to the evidence submitted in determining the plaintiff met commonality and predominance in support of class certification.