**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**Todd M. Friedman, Esq. (SBN: 216752)**
**tfriedman@attorneysforconsumers.com**
**Suren N. Weerasuriya, Esq. (SBN: 278512)**
**sweerasuriya@attorneysforconsumers.com**
**Adrian R. Bacon, Esq. (SBN: 280332)**
**abacon@attorneysforconsumers.com**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Telephone: (877) 206-4741**
**Facsimile: (866) 633-0228**

**Attorneys for Plaintiffs**
**ROEDERICK MONTEMAYOR AND CHRISTOPHER ZIEHM**

**ADDITIONAL ATTORNEYS ON SIGNATORY PAGE**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROEDERICK MONTEMAYOR, and CHRISTOPHER ZEIHM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GC SERVICES LIMITED PARTNERSHIP,**<br><br><br>Defendant | Case No.: **13CV1959WQHRBB**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.     ROEDERICK MONTEMAYOR (HEREINAFTER "MONTEMAYOR") AND CHRISTOPHER ZEIHM (Hereinafter "Zeihm") brings this class action for damages, injunctive relief, and any other available legal or

- 1 -

equitable remedies, resulting from the illegal actions of GC SERVICES LP, ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiffs without the knowledge or consent of Plaintiffs, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by their attorneys.

2.  Both Montemayor and Zeihm will be collectively referred to as "Plaintiffs."

3.  California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiffs allege that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of the State of California, seek relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Texas. Plaintiffs also seek the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number

in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and Defendant resides within this judicial district.

## <u>PARTIES</u>

6. Montemayor is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

7. Zeihm is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

8. Plaintiffs are informed and believe, and thereon allege, that Defendant, GC Services LP is a Delaware limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County at 6330 Gulfton St., Suite 300, Houston, Texas 77081.

9. According to Defendant's website: "As one of the industry's leading business process outsourcing providers today, GC Services [Defendant] offers a wide array of accounts receivable solutions and customer care solutions to both public and private sector organizations. Our partnerships include clients from numerous industries including the automotive, banking and financial services, cable and satellite, consumer goods/computer manufacturing and electronics, retail, telecommunications, utility, mortgage, student loans, and various governmental sectors. Such diverse

COMPLAINT FOR DAMAGES

experience allows us to deliver best-in-class solutions to our clients with highly skilled management and staff."

10. Also, according to Defendant's website: "As an outsourcing leader in both the call center and accounts receivable industries, GC Services provides a wide array of inbound and outbound management solutions to both public and private sector organizations."

11. Defendant has a policy and practice of recording telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

12. Beginning in and around January, 2013, Defendant began contacting Montemayor by telephone in an attempt to collect on an alleged debt owed.

13. Beginning in and around May, 2014, Defendant began contacting Zeihm by telephone in an attempt to collect on an alleged debt owed.

14. Defendant contacted or attempted to contact Zeihm on Zeihm's cellular telephone number ending in 3200.

15. Defendant contacted or attempted to contact Montemayor on Montemayor's cellular telephone number ending in 2099.

16. Defendant contacted or attempted to contact Plaintiffs from telephone number (800)352-3778, but not limited to solely this number.

17. Defendant contacted or attempted to contact Montemayor regarding the collection of Sallie Mae student loans. During this time, Montemayor had at least three (3) telephone communications with certain employees, officers and/or agents of Defendant.

COMPLAINT FOR DAMAGES

18.  Specifically, on or about January 14, 2013, Defendant contacted Montemayor by telephone.   At no time during this telephonic communication did Defendant advise Montemayor that Defendant was recording the conversation.

19.  At no time during the January 14, 2013 call did Montemayor give consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

20.  On or about February 8, 2013, Defendant contacted Montemayor at work at 310-559-9222 in an attempt to collect the Sallie Mae loans.  At no time during this telephonic communication did Defendant advise Montemayor that Defendant was recording the conversation.

21.  Montemayor had no reasonable expectation that any part of Montemayor's February 8, 2013 telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon due to the fact that Defendant never once advised Montemayor in any fashion that the telephone conversation was being recorded.  Should Montemayor have known that said conversation was being recorded; Montemayor would have conducted himself and spoken differently to the representative of Defendant.

22.  On or about February 15, 2013, Montemayor received a telephone call from Defendant on his cellular telephone.  Defendant did not initially advise Montemayor that the telephone call would be recorded at the outset of the call.  After speaking with an agent of Defendant for a period of almost one (1) minute, including discussions of Montemayor's personal address, personal financial matters and status of Montemayor's student loans with Defendants, Defendant for the first time notified Montemayor that the conversation was being recorded.

COMPLAINT FOR DAMAGES

23.  In response to this surprising notification, Montemayor spent the rest of the conversation trying to get off the phone with Defendant. Montemayor never thereafter answered a telephone call from Defendant.

24.  On or about May 9, 2014, Defendant called Zeihm regarding an alleged debt owed by Zeihm. During this private telephone conversation, Defendant's representative discussed confidential information with Zeihm, including but not limited to, the existence of an alleged debt owed by Zeihm and checking account information of Zeihm.

25.  There was no prerecorded or oral recording advisement provided to Zeihm at the outset of this telephone call.

26.  Zeihm was unaware that Defendant was recording the calls until Zeihm inquired of Defendant's representative during the call whether the call was being recorded for some reason, to which Defendant's representative responded by saying that "all calls are recorded." It is clear that Zeihm would not have been told or warned that the call was being recorded, and the only reason that Zeihm was informed of this was because Zeihm specifically asked Defendant's representative if the call was being recorded.

27.  Zeihm asked Defendant's representative whether the call was being recorded approximately one and a half minutes into the conversation, just prior to the call being transferred to a different representative of Defendant.

28.  When Zeihm asked Defendant's representative why Zeihm had not been informed that the call was being recorded, Defendant's representative apologized that Zeihm had not been informed of call recording.

29.  Zeihm did not hear intermittent beeps during the call that may have alerted Zeihm that the call was being recorded.

COMPLAINT FOR DAMAGES

30. Prior to the affirmative response to call recording by Defendant's representative, Defendant gave Zeihm no reason to suspect that the call was being recorded.

31. Due to the lack of a recording advisement at the outset of the telephone call, Zeihm reasonably believed and expected that Defendant was not secretly recording the telephone conversation with Plaintiff, which concerned an alleged delinquency and/or debt.

32. Plaintiffs had no reasonable expectation that any part of Plaintiffs' telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon. Defendant never once advised Montemayor (and only advised Zeihm) that his telephone conversation was being recorded. Should Plaintiffs have known that their conversations were being recorded, Plaintiffs would have conducted themselves and spoken differently to the representative of Defendant.

33. Plaintiffs were shocked to discover that the communication was being monitored, recorded and/or eavesdropped upon by Defendant without Plaintiffs' knowledge or consent.

34. During these conversations with Defendant, Plaintiffs discussed highly personal and private information that Plaintiffs had not openly discussed with others such as their personal residence location, and current financial information.

35. Plaintiffs had no reasonable expectation that Plaintiffs' mobile telephone conversation with Defendants would be recorded due to the private subject matter being discussed.

36. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant has had a policy and a practice of

COMPLAINT FOR DAMAGES

recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

37.    Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiffs and other California residents.

38.    Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant had installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

39.    Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant had all of its outbound calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiffs and other California residents.

40.    Plaintiffs are informed and believe, and thereon allege, that Defendant first obtains highly personal and confidential information from California consumers prior to warning that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant or completely fails or refuses to advise California consumers that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant.

COMPLAINT FOR DAMAGES

41.  Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiffs and other California residents, and California Penal Code § 630 *et seq.*

42.  Defendant concealed from Plaintiffs and similarly situated California residents that Defendant was recording the telephone calls between itself on the one hand and Plaintiffs and other similarly situated California residents on the other, which calls were initiated by Defendant.

43.  Defendant concealed the fact that it was recording the aforementioned phone call/s from Defendant to create the false impression in the minds of Plaintiffs and similarly situated California residents that they were not being recorded. At the outset of Defendant's outbound phone calls there was no warning that the phone calls were, or even may, be recorded.

44.  The conversations with Plaintiffs were without Plaintiffs' knowledge or consent recorded by Defendant, causing harm and damage to Plaintiffs.  At no time during the telephone calls did Plaintiffs give consent, whether express or implied, for the telephone conversation to be recorded.

45.  Reasonable California residents expect that their telephone communications are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call/s, since call recording advisements given at the outset of telephonic communications with businesses are ubiquitous today.

### ACCRUAL OF RIGHTS TO PRIVACY CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

46.  Plaintiffs did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls

it made to Plaintiffs and members of the California Class without their knowledge or consent.

47.    Defendant concealed from Plaintiffs and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiffs or other members of the California Class on the other hand.

48.    Defendant concealed the fact that it was recording the aforementioned phone calls to create the false impression in the minds of Plaintiffs and members of the California Class that they were not being recorded.  At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded.  Such warnings are ubiquitous today.

49.    Montemayor were justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiffs and other members of the California Class that the phone calls were being recorded as Montemayor and his counsel were unaware that Defendant recorded telephonic communications with Montemayor until February 15, 2013.

## CLASS ALLEGATIONS

50.    Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("The Class").

51.    Plaintiffs represent, and are members of, "The Class" defined as follows: "All persons in California whose inbound and outbound telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by Defendant within one (1) year prior to the filing of the original Complaint in this action."

52.    Defendant, and its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more.  Thus, this matter

COMPLAINT FOR DAMAGES

should be certified as a Class action to assist in the expeditious litigation of this matter.

53. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

54. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls;

   b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, eavesdropped upon and/or monitored;

   c. Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code §§ 632(a) and/or 637;

   d. Whether Plaintiffs and The Class were damaged thereby, and the extent of damages for such violations; and

COMPLAINT FOR DAMAGES

e.  Whether Defendants should be enjoined from engaging in such conduct in the future.

56.  Plaintiffs are asserting claims that are typical of The Class because every other member of The Class, like Plaintiffs, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000.00 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

57.  Plaintiffs will fairly and adequately represent and protect the interests of The Class in that Plaintiffs have no interest adverse to any member of The Class.  Plaintiffs have retained counsel experienced in handling class action claims.

58.  Plaintiffs and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, The Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

59.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.   The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal.  Management of these claims is likely to

COMPLAINT FOR DAMAGES

present significantly fewer difficulties than those presented in many class claims.

60. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF PENAL CODE § 632

61. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the recording.

63. Plaintiffs are informed and believe, and thereupon allege, that Defendant employed and/or caused to be employed certain eavesdropping, recording, and listening equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

64. Plaintiffs are informed and believe, and thereupon allege, that all these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

COMPLAINT FOR DAMAGES

65.   This listening, recording, and/or eavesdropping equipment was used to record, monitor, or listen to the telephone conversations of Plaintiffs and the members of The Class, all in violation of California Penal Code § 632.6(a).

66.   Defendant, knowing that this conduct was unlawful and a violation of Plaintiffs and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiffs and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, listening, and recording activities relative to the telephone conversations between Plaintiffs and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

67.   Based on the foregoing, Plaintiffs and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

## SECOND CAUSE OF ACTION

## VIOLATION OF PENAL CODE § 632.7

68.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.   California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone."

Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

70. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone.  For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

71. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

72. Plaintiffs are informed and believe, and thereupon allege, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

73. Said recording equipment was used to record the cellular telephone conversations of Plaintiffs and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

74. Based on the foregoing, Plaintiffs and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

75. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

///

COMPLAINT FOR DAMAGES

///
///
///
///
///
///
///

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and The Class members the following relief against Defendant:

A.     That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

B.     For the greater of statutory damages of $5,000.00 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class;

C.     That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

D.     For general damages according to proof;

E.     For special damages according to proof;

F.     For exemplary or punitive damages;

G.     For costs of suit;

H.     For prejudgment interest at the legal rate; and

I.     For such further relief as this Court deems necessary, just, and

COMPLAINT FOR DAMAGES

proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated: October 23, 2014        **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


_s/Todd M. Friedman_____
                    Todd M. Friedman
                    Attorney for Plaintiff

**MARTIN & BONTRAGER, APC**
**G. Thomas Martin, III (SBN 218456)**
**Nicholas J. Bontrager (SBN 252114)**
**6565 W. Sunset Boulevard, Suite 410**
**Los Angeles, California 90028**
**Telephone: 323.940.1700**
**Facsimile: 323.238.8095**
**tom@mblawapc.com**
**nick@mblawapc.com**

**HYDE & SWIGART**
**Joshua B. Swigart, Esq. (SBN: 225557)**
**josh@westcoastlitigation.com**
**411 Camino Del Rio South, Suite 301**
**San Diego, CA 92108**
**Telephone: (619) 233-7770**
**Facsimile: (619) 297-1022**

**KAZEROUNI LAW GROUP, APC**
**Abbas Kazerounian, Esq. (SBN: 249203)**
**ak@kazlg.com**
**245 Fischer Avenue, Unit D1**
**Costa Mesa, CA 92626**
**Telephone: (800) 400-6808**
**Facsimile: (800) 520-5523**

COMPLAINT FOR DAMAGES